**Below is an Order of the Court.**

TRISH M. BROWN
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

In re ) Case No. 305-47107-tmb13
)
STUART CRAIG YEKEL, )
) MEMORANDUM OPINION
Debtor. )
)

    This matter came before the court on the Debtor Stuart Craig Yekel's Motion to Value Collateral and Strip Junior Mortgage. The Debtor was represented by Douglas Ricks. The effected mortgage creditor, Beneficial Mortgage Corp. ("Beneficial") did not appear.

    In his motion Debtor seeks to strip off a consensual junior mortgage against his residence on the grounds that it is wholly unsecured. Following the hearing on the motion I took the matter under advisement. I have reviewed my notes, the exhibits, and the pleadings and other submissions in the file. I also have read applicable legal authorities, both as cited to me and as located through my own research. I have considered carefully the arguments presented and have read counsel's submissions in detail. The following findings of fact and legal conclusions constitute the court's findings under Federal Rule of Civil Procedure 52(a), applicable in this proceeding under Federal Rule of Bankruptcy Procedure 9014.

Page 1 - MEMORANDUM OPINION

FACTS

Debtor filed a voluntary Chapter 7 petition on October 15, 2005. The Debtor scheduled a single parcel of real property, his residence, located at 172 S. Quincy, Hines, Oregon 97738 (the "Property"). Debtor valued the Property at $80,000.00. According to the Debtor's Schedule D. Creditors Holding Secured Claims, Countrywide Home Mortgage ("Countrywide") held a first mortgage against the Property in the amount of $61,652.00, Beneficial held a second mortgage against the Property in the amount of $25,558.00, and Green Tree Mortgage Corp. ("Green Tree") held a third mortgage in the amount of $15,963.00.

Debtor's Chapter 13 Plan dated October 15, 2005, set the value of his residence at $80,000.00. Paragraph 10 of the plan provided that "[d]ebtors [sic] intends to bring an adversary proceeding to avoid the junior lien of Green Tree Mortgage on debtor's residential real property. 11 U.S.C. sec. 1322(b)(2). See In re Zimmer, 313 F.3d 1220 (9th Cir. 2002). Debtor's motion to value collateral raised herein is binding on the later adversary proceeding upon entry of the order confirming plan. However, entry of the order confirming plan is not res judicata to the validity, priority, and extent of Green Tree Mortgage's lien."

Green Tree objected to confirmation of that plan based, in part, on its contention that its lien was prior in time to the lien held by Beneficial. Confirmation of the plan was subsequently denied on January 13, 2006.

On January 31, 2006, the Debtor filed a Pre-Confirmation Modified Plan dated January 12, 2006, in which he listed the value of the Property at $61,500.00. Paragraph 10 of this plan provided that "[p]ursuant to 11 U.S.C. § 506(a) and FRBP 3012, Debtor intends to file a separate motion to value collateral and avoid the junior lien held by Beneficial Mortgage Corp in the real property located at 172 S. Quincy, Hines, Oregon. *See In re Zimmer*, 313 F.3d 1220 (9th Cir. 2002); *In re Hudson*, 260 B.R. 421 (Bankr. W.D. Mich. 2001). Entry of the Order Confirming Plan is not res judicata with respect to this lien." Beneficial did not object to the modified plan.

The modified plan also contained a "Motion to Value Collateral." Paragraph 2(b)(1) contained the following language:

Page 2 - MEMORANDUM OPINION

> "If the collateral is not to be sold, the value of the collateral shall be fixed in the amount stated above for purposes of administration of this plan as well as for purposes of the amount of any secured claim, if undersecured, unless objected to at or before the first date set for the confirmation hearing on this plan or, if applicable, prior to expiration of time to object to this proposed modified plan, in which case the value will be determined by the court. If the collateral is to be sold, the value shall be the sales price. The debtor MOVES the court for an order so fixing the value of the collateral."

On March 22, 2006, the court entered an order confirming the Debtor's January 12, 2006, Plan. The confirmation order contained, in part, the following language in paragraph 5:

> "The value of collateral securing debts due holders of secured claims is fixed at the values stated in the plan or the modifications in ¶11 below . . . ."

The confirmation order also contained the following language in paragraph 11:

> "Entry of this order doesn't make a determination as to whether lien of Beneficial may be stripped off via motion rather than an adversary proceeding."

On March 8, 2006, the Debtor filed a Motion to Value Collateral and Strip Junior Mortgage ("Motion") to remove the lien of Beneficial. The Motion was served on Beneficial's registered agent, CT Corporation System, via first-class mail. The Motion sets forth the address of the Property and includes an exhibit containing the legal description of the Property. It stated that the value of the Property is $61,500, and that it was subject to two senior liens, one in the amount of $61,652 in favor of Countrywide and a second in the amount of $18,240.86 in favor of Green Tree. The Motion specifically stated that the Debtor is asking the court to strip "off the junior lien of Beneficial Mortgage Corp." as it is wholly unsecured.

Beneficial did not respond to the Debtor's Motion. Nonetheless, the court scheduled a hearing on that Motion for April 12, 2006. Beneficial's registered agent, CT Corporation System, was served with notice of the hearing by the Bankruptcy Noticing Center. Beneficial did not appear at the hearing on the Motion.

## ISSUE

Section 1322(b)(2) provides that a Chapter 13 plan may "modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence . . . ." The Supreme Court has held that this provision prohibits the strip **down** of a **partially** secured lien which secures a claim whose only security is a lien on the debtor's principal residence. See

Page 3 - MEMORANDUM OPINION

Nobleman v. American Sav. Bank (In re Nobleman), 508 U.S. 324 (1993). However, the 9th Circuit has held that § 1332(b)(2) does not prevent strip **off** of a **wholly** unsecured lien. Zimmer v. PSB Lending Corp, (In re Zimmer), 313 F.3d 1220 (9th Cir. 2002). The issue raised by the Debtor's motion is whether such strip off requires the filing of an adversary proceeding.

## LEGAL ANALYSIS

A proceeding "to determine the validity, priority, or extent of a lien or other interest in property, other than a proceeding under Rule 4003(d) . . . ." is an adversary proceeding which must be commenced by the filing of a complaint with the bankruptcy court. Fed. R. Bankr. P. 7001(2). Federal Rule of Bankruptcy Procedure 4003(d) applies only to proceedings to avoid liens on or transfers under § 522(f) and is inapplicable in this proceeding. Consequently, if an action to avoid a wholly unsecured lien implicates either the priority, validity or extent of that lien, then a debtor must file an adversary proceeding in order to avoid or strip off that lien.

At first blush it would appear that a proceeding to strip off a lien would be a challenge to the "extent" of the lien requiring the filing of an adversary proceeding, and this district has traditionally taken that position. However, the majority of the courts that have addressed this issue have taken a contrary position, allowing avoidance of wholly unsecured liens either through the chapter 13 plan confirmation process or by motion. By plan confirmation, see In re Williams, 166 B.R. 615 (Bankr. E. D. Va. 1994), In re Fuller, 255 B.R. 300 (Bankr. W.D. Mich 2000), In re Hoskins, 262 B.R. 693 (Bankr. E.D. Mich. 2001), In re King, 290 B.R. 641 (Bankr. C.D. Ill. 2003), In re Millspaugh, 302 B.R. 90 (Bankr. D. Idaho 2003), Dickey v. Ben. Fin. (In re Dickey) 293 B.R. 360 (Bankr. M. D. Pa. 2003), In re Hill, 304 B.R. 800 (Bankr. S.D. Ohio 2003). By motion, see In re Sadala 294 B.R. 180 (Bankr. M.D. Fla. 2003), In re Fisher, 289 B.R. 544 (Bankr. W.D.N.Y. 2003), In re Robert, 313 B.R. 545 (Bankr. N.D.N.Y. 2004), In re Bennett, 312 B.R. 843 (Bankr. W.D. Ky. 2004)

The courts allowing avoidance of a wholly unsecured lien via motion or through the plan confirmation process generally do so based on one of three lines of analysis. The most common of these was adopted by the court in In re King, 290 B.R. 641 (Bankr. C.D. Ill. 2003). In King, the debtors filed a chapter

Page 4 - MEMORANDUM OPINION

13 plan which proposed to void a second mortgage on their home on the grounds that it was wholly unsecured. The plan was confirmed without objection from Bank One, the junior lienholder. Thereafter, Bank One filed a motion for relief from stay because its claim was not being paid through the debtor's chapter 13 plan. The debtors objected to the motion for relief on the grounds that the lien at issue had been properly stripped by the confirmation process. The court agreed with the debtors, rejecting Bank One's argument that Bankruptcy Rule 7001(2) required that the debtors file an adversary proceeding in order to strip off its lien. The court stated: "While acknowledging that the issue turns primarily on the value of the real estate, BANK ONE fails to identify which of the three categories of validity, priority or extent, includes that determination. In this Court's view, valuation is not included within any of those terms." Id. at 647. The court went on to state:

> ". . . as used in Bankruptcy Rule 7001(2), the term 'validity' means the existence or legitimacy of the lien itself, 'priority' means the lien's relationship to other claims to or interests in the collateral, and 'extent' means the scope of the property encompassed by or subject to the lien. Here, the DEBTORS are not alleging that BANK ONE's mortgage is invalid, there is no dispute that Key Bank's mortgage has first priority, and the DEBTORS are not disputing that BANK ONE's mortgage encumbers their residential real estate and no other property.
>
> Rather than basing avoidance on invalidity of the mortgage, or lack of priority or extent of the lien's scope, the DEBTORS' plan proposes to void BANK ONE's lien via the secured claim determination and valuation process of Section 506(a), required to be made in conjunction with the hearing 'on a plan affecting such creditor's interest.' 11 U.S.C. § 506(a). Where the result of that claim determination process is that the creditor's claim is determined to be wholly unsecured, the creditor's lien is 'void.' 11 U.S.C. § 506(d). The determination of secured status based upon the value of the secured property is a contested matter by Bankruptcy Rule. F.R.B.P. 3012. It follows directly that voiding a lien for lack of collateral value, pursuant to Section 506, is outside the scope of Bankruptcy Rule 7001(2) and is properly accomplished as part of the Chapter 13 plan confirmation process.
>
> As BANK ONE correctly points out, in order to determine whether a second mortgage is wholly unsecured, it is necessary to ascertain not only the value of the secured property, but the amount due on the first mortgage as well. The determination of the amount of a claim is also properly a contested matter, unless an objection to the claim includes a demand for relief otherwise covered by Bankruptcy Rule 7001, in which case only then does it become an adversary proceeding. Since both elements of the Section 506(a) bifurcation process, valuation and claim amount, are contested matters, that process is properly a part of the Chapter 13 plan confirmation process, and the statutory direction of Section 506(a), that such determination shall be made in conjunction with the hearing on the plan, is entirely consistent with Bankruptcy Rules 3007 and 3012." Id. at 647-648. (Citations omitted)

Page 5 - MEMORANDUM OPINION

The <u>King</u> court went on to discuss the type of notice that must be given to a junior lien holder in order to strip its wholly unsecured lien via plan confirmation. The court noted due process requires that "notice must be reasonably calculated to bring to the party's attention the nature and substance of the pending determination, i.e., the extent of the adverse effect on the party's rights (the qualitative aspect), and it must afford a reasonable time in which to respond (the quantitative aspect)." <u>Id.</u> at 649. Accordingly, it held that a plan which proposes to avoid a wholly unsecured lien must "provide for" the lien holder's claim by identifying the creditor and its claim and by giving the creditor "some explanatory detail, e.g., that the collateral is destroyed or is worthless or is fully encumbered by a senior lien." <u>Id.</u> at 649. In summary the court concluded that:

> "a creditor's lien may be avoided through confirmation of a Chapter 13 plan where the basis is lack of collateral value and where the plan properly 'provides for' the creditor through language sufficiently specific to put the affected creditor on notice that its lien will be lost if an objection to the plan is not made. The burden is squarely on the shoulders of the debtor, as the drafter of the plan, to ensure that the language of the plan provides adequate notice of the debtor's intentions and the basis for the proposed lien avoidance. If the basis for avoidance is improper or if the notice to the creditor is inadequate, the secured property will still vest in the debtor upon confirmation, as provided by Section 1327(b), but will remain subject to the unavoided lien rather than vest 'free and clear' as permitted by Section 1327(c)" <u>Id.</u> at 649-50.

Other courts have held that a lien may be stripped off without the necessity of an adversary proceeding for other reasons. <u>See</u>, <u>e</u>.g., <u>In re Fuller</u>, 255 B.R. 302 (Bankr. W.D. Mich. 2000) (Complete lien avoidance under 506(a) is allowed by motion as it is part of the 506(a) valuation process) and <u>In re Hill</u>, 304 B.R. 800, 802 (Bankr. S.D. Ohio 2003) ("Of all the statutory provisions at the disposal of a Chapter 13 debtor, § 1327(c) is the only provision that serves to avoid a lien on the sole basis of being wholly unsecured. Because § 1327(c) is effectuated only upon plan confirmation, this Court concludes that a Chapter 13 debtor can avoid a wholly unsecured mortgage through the plan confirmation process without the need of an adversary proceeding"). <u>See</u> <u>also</u> <u>In re Williams</u>, 166 B.R. 615 (Bankr. E.D. Va. 1994).

Although the weight of authority supports the proposition that a chapter 13 debtor may avoid a wholly unsecured lien on his or her residence without filing an adversary proceeding, there are cases to the contrary. In <u>Wright v. Commercial Credit Corp.</u>, 178 B.R. 703 (D. Va. 1995), for example, the district court

Page 6 - MEMORANDUM OPINION

affirmed the bankruptcy court's order denying confirmation of the debtors' proposed plan which included a provision avoiding a wholly unsecured lien on their residence. The court, citing Piedmont Trust Bank v. Linkous (In re Linkous), 990 F.2d 160 (4th Cir. 1993) held that:

> "When a party asks the bankruptcy court to determine the extent of a lien or the value of the collateral forming the basis of the lien, adversary proceedings are required, as contemplated by Bankruptcy Rule 7001(2) and Bankruptcy Rule 3012. Although § B-11 of the Chapter 13 plan filed by the appellants put the appellees on notice that the debtors/appellants sought a ruling on the extent of their liens and a valuation of the collateral, this notice does not comport with due process." Wright at 705.

See also In re Enriquez, 244 B.R. 156 (Bankr. S.D. Cal. 2000) *Abrogated by* In re Zimmer, 313 F.3d 1220 (9th Cir. 2002); In re Kressler, 252 B.R. 632 (Bankr. E.D. Pa. 2000); In re Nowling, 279 B.R. 607 (Bankr. S.D. Fla. 2002) and In re Pierce, 282 B.R. 26, 28 (Bankr. D. Utah 2002).

However, I agree with the majority of the cases and agree with the reasoning of King that the "extent" of a lien, as the term is used in Bankruptcy Rule 7001(2), means the scope of the property encompassed by or subject to the lien. Where the parties agree that the scope of the lien encompasses the debtor's residence and the only issue is whether there is sufficient value in the property to secure that lien, there is no dispute as to the "extent" of the lien and no need for an adversary proceeding to determine whether the lien may be stripped off.

I also agree with the King court that a party seeking to avoid a wholly unsecured lien by motion or plan confirmation must comply with due process requirements by giving the affected lien holder "notice . . . reasonably calculated to bring to the party's attention the nature and substance of the pending determination . . . ." That requires that the debtor ensure that the affected creditor is aware of the extent to which the motion or plan confirmation will adversely effect its rights and that the creditor is given a reasonable opportunity to respond.

The Debtor in this case served a copy of his Motion on Beneficial via CT Corporation System, its registered agent. The motion specifically stated that the Debtor was asking the court to strip "off the junior mortgage of Beneficial Mortgage Corporation as it is wholly unsecured." The Motion set forth the street address of the Property at issue and included an exhibit setting forth the legal description. The Motion set

Page 7 - MEMORANDUM OPINION

forth the value placed on the Property by the Debtor and that it was subject to senior liens in favor of Countywide and Green Tree and set forth the amounts owed to the senior lien holders. The Motion was served on Beneficial's registered agent. Thus, Beneficial was provided with both proper notice of the nature of the pending proceedings and a reasonable opportunity to be heard. Accordingly, I find that the requirements of due process have been met.

According to the Debtor's unopposed motion and the order confirming the plan, the Property had a value of $61,500. As of the date of filing, Countrywide held a first mortgage in the amount of $61,652.00. Green Tree held a second mortgage in the amount of $18,240.86. Thus, there is no value in the Property to which Beneficial's lien could attach and that lien is wholly unsecured. I will, therefore, grant the Debtor's Motion avoiding Beneficial's lien.

Debtor's counsel should submit an order within 10 days.

###

cc: Douglas R. Ricks
Beneficial Mortgage Corp.
Beneficial Mortgage Corp., c/o CT Corporation System, RA
Brian D. Lynch
U.S. Trustee

Page 8 - MEMORANDUM OPINION